#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE MIDDLE DISTRICT OF GEORGIA
#### ALBANY DIVISION

| | | |
|---|---|---|
| CALVIN WESTBROOK, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CASE NO.: 1:21-CR-1-1 (LAG) (ALS) |
| | : | 1:24-CV-1 (LAG) (ALS) |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |
| | : | |

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation (R&R) (Doc. 123), dated October 11, 2024. For the reasons below, the R&R is **ACCEPTED** and **ADOPTED**.

Petitioner Calvin Westbrook filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Motion to Vacate) on January 2, 2024, challenging the sentence imposed after he pleaded guilty to one count of conspiracy to possess with intent to distribute methamphetamine. (Doc. 119 at 1; Docs. 78–80). Therein, Petitioner argues that his Counsel was ineffective because (1) "[c]ounsel's pretrial investigation was inadequate"; and (2) "[c]ounsel failed to conduct a reasonable pre-sentence investigation in response to the [presentence report (PSR)]." (Doc. 119 at 4–6). As such, Petitioner requests that the Court grant him "leave to amend his petition[,]" grant his petition, and "[v]acate his conviction and sentence." (*Id.* at 13).

The Government filed a Response on February 23, 2024, arguing that the Court should deny Petitioner's Motion because (1) "[Petitioner's] plea was knowing and voluntary"; and (2) "[c]ounsel's [a]lleged [f]ailure [t]o [f]ile [c]ertain [o]bjections [t]o [t]he PSR [d]oes [n]ot [a]mount [t]o [i]neffective [a]ssistance." (Doc. 121 at 7–11 (emphasis omitted)). The Government argues that "the change of plea hearing transcript shows that [Petitioner's] plea was knowing and voluntary" because the Court (1) "confirm[ed] that

[Petitioner] was competent to plead guilty"; (2) "verif[ied] that [Petitioner] was not suffering from any condition that might render his plea unknowing or involuntary"; (3) "confirmed that [Petitioner] was entering into the plea agreement of his own free will"; and (4) confirmed that Petitioner "was pleading guilty because he [was] guilty[.]" (*Id.* at 7). The Government further argues that Petitioner has not "met his burden of showing 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different[,]'" because Petitioner's counsel filed six objections to findings in the report and asked the Court to consider a downward variance at sentencing. (*Id.* at 10–11 (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984))). Lastly, the Government maintains that an evidentiary hearing is not warranted here because "Petitioner's claims are patently frivolous[,] are based upon unsupported generalization[s,] and [are] unsupported by the record." (*Id.* at 12). Petitioner did not file a Reply. (*See* Docket).

On October 11, 2024, the Magistrate Judge issued an R&R recommending that Petitioner's Motion to Vacate be denied. (Doc. 123 at 8). The Magistrate Judge analyzed both of Petitioner's arguments regarding ineffective assistance of counsel and determined that "Petitioner has failed to allege facts that, if true, would demonstrate" that (1) "counsel performed deficiently prior to Petitioner's guilty plea" and "a reasonable probability that, but for counsel's performance, Petitioner would not have pleaded guilty"; and (2) "counsel performed deficiently at sentencing" and "a reasonable probability that, but for counsel's performance, the outcome of Petitioner's sentencing would have been different." (*Id.* at 4–7). The Magistrate Judge denied Petitioner's request seeking leave to amend his Motion to Vacate and recommended that Petitioner's Motion to Vacate be denied. (*Id.* at 7–8).

The R&R triggered the fourteen-day period provided under 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(a) for the Parties to file written objections. On January 28, 2025, the Magistrate Judge granted Petitioner's counsel's Motion to Withdraw (Doc. 124) and granted Petitioner's Motion seeking a docket sheet and an order regarding the time for filing objections (Doc. 125). (Doc. 126). The Magistrate

2

Judge directed Petitioner to file objections to the pending R&R by February 18, 2025. (*Id.* at 2). Neither party filed an objection to the R&R. (*See* Docket).

District courts must "conduct a careful and complete review" to determine "whether to accept, reject, or modify" a magistrate judge's report and recommendation. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam) (citation omitted). The Court reviews *de novo* the dispositive portions of a magistrate judge's report and recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). The Court reviews unobjected-to portions of a magistrate judge's report and recommendation for clear error. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). If necessary, the Court may review factual issues *de novo* to "aid its review of a magistrate's report." *Wainwright*, 681 F.2d at 732.

Here, because no Party objected to the R&R, the Court reviews the R&R for clear error. Upon careful and complete review of the R&R and the record in this case, the Court finds no clear error in the R&R. Accordingly, the Court **ACCEPTS, ADOPTS,** and makes the Order of this Court the Magistrate Judge's R&R (Doc. 123) for reason of the findings made and reasons stated therein. Petitioner's Motion to Vacate (Doc. 119) is hereby **DENIED**. The Court further **DENIES** any certificate of appealability as Petitioner has not substantially shown the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).

**SO ORDERED**, this 12th day of August, 2025.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**